IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUENTIN T. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-746 (MN) |
| | ) |
| STATE OF DELAWARE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Quentin T. Jones, Smyrna, Delaware – *Pro Se* Plaintiff

January 5, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

## I.   INTRODUCTION

Plaintiff Quentin T. Jones ("Plaintiff" or "Q. Jones"), who is housed at the James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Amended Complaint, filed September 24, 2020, is the operative pleading. (D.I. 18). Plaintiff has filed several motions including motions for injunctive relief (D.I. 12, 14), a request for counsel (D.I. 15), motion to lift the stay (D.I. 20), motion for relocation (D.I. 16), and a motion to exclude construed as a motion to voluntarily dismiss (D.I. 19). This Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II.   BACKGROUND

The Amended Complaint is titled "Illegally Detained, Prosecutor Misconduct, Wrongful Attain Conviction, False Imprisonment, Manipulated Plea Negotiations and Breach of Contract Duties of Defense Counsel/State of Delaware, 1983 Action." (D.I. 18). On February 4, 2015, Plaintiff was arrested by Defendant detective Jeremy Jones ("J. Jones"), charged with two counts of rape first degree and one count of unlawful sexual contact first degree and taken to the Sussex Correctional Institution ("SCI"). (D.I. 18 at 4, 10). Defendant former Delaware Attorney General Matthew Denn ("Denn") signed the true bill to the original indictment filed in March 2015. (*Id*. at 10, 13).

Plaintiff was housed at SCI with two other inmates – Defendant Dwayne Jones ("D. Jones") and Kejuan Downing. (*Id*. at 4). Plaintiff alleges that D. Jones read his criminal documents that included a complaint and warrant sheet drafted by J. Jones who was the investigating officer. (*Id*.). Plaintiff alleges that J. Jones interviewed D. Jones on a number of occasions about an alleged

1

confession Plaintiff made to D. Jones.  (*Id*. at 12).  Plaintiff alleges that J. Jones and Defendant former Delaware Deputy Attorney General Graham L. Robinson ("Robinson"), who prosecuted the case, engaged in an "unlawful, unreasonable, and arbitrary investigation."  (*Id*. at 5, 10, 19).

Plaintiff's criminal trial in case number 1502002252 was held February 8-10, 2016.  (*Id*. at 5, 19).  Plaintiff alleges that J. Jones and Robinson used D. Jones as a key witness at trial, that Robinson solicited D. Jones to testify at trial, and that Robinson represented to the court that D. Jones was not receiving compensation in exchange for his testimony.  (*Id*. at 5, 12, 18, 19).  Plaintiff alleges his rights were violated by Robinson due to intentional errors and withholding of important exculpatory evidence.  (*Id.* at 18).  Plaintiff alleges that Robinson knowingly used D. Jones' perjured and unreliable statements at his trial without correcting the intentional errors.  (*Id*. at 5).  He alleges the actions of J. Jones and Robinson resulted in malicious prosecution and a wrongful conviction and sentence.  (*Id*.).

Plaintiff sought post-conviction relief and a hearing was held on November 8, 2019.  (*Id*. at 5).  The Superior Court described D. Jones as a "reluctant witness" at Plaintiff's trial.  *See State v. Jones*, ID No. 1502002252, 2019 WL 6726837, at *3 (Del. Super. Ct. Dec. 11, 2019).  The Superior Court entered a written opinion on December 11, 2019.  (D.I. 12-2 at 2-19).  It found that Plaintiff's "constitutional rights were violated because the State committed a *Brady* violation by failing to disclose what he called a 'tacit agreement' between the State and D. Jones in exchange for his testimony."  (*Id.* at 7, 19).  The Superior Court granted the Rule 61 motion, vacated the conviction in case number 1502002252, and ordered that a new trial be held.  (*Id.* at 19).  Plaintiff alleges that because of Defendant State of Delaware's successful pursuit of its endeavors to solicit information from a prison informant, it was able to obtain a wrongful conviction by intentional errors of prosecutorial misconduct.  (D.I. 18 at 6).  On April 23, 2020, the Superior Court vacated

the adjudication of guilt and violation of probation sentence order of April 8, 2016, reinstated the original amount of cash bail, and rescheduled the violation of probation hearing upon disposition of the charges pending in case number 1502002252. (D.I. 12-3 at 2-3).

Plaintiff alleges from June 2020 through July 2020, while representing the State in case number 150220252 during plea negotiations, Defendant Deputy Attorney General Eric H. Zubrow ("Zubrow") indicated he had information of sexual assault complaint (with DNA evidence) against Plaintiff that had occurred in 2008 case number 7108005124. (D.I 18 at 11, 13, 14). Plaintiff alleges that his intentions were to proceed to retrial in case number 150220252 on July 27, 2020, but his criminal defense attorney, Defendant Natalie Woloshin ("Woloshin"), informed him of the alleged 2008 sexual assault complaint and she permitted Zubrow to implicate the 2008 assault as part of the state's plea offer. (*Id*. at 11, 17).

Plaintiff alleges that Zubrow used case number 710800124 as a tactic to induce him into pleading guilty. (*Id.* at 14, 17). Plaintiff alleges that Woloshin induced him into pleading guilty to a crime that he did not commit. (D.I. 18 at 8). Plaintiff alleges that Woloshin failed to communicate with him that she acted on behalf of the State in this regard. (*Id*.).

On July 10, 2020, Plaintiff advised this Court that he entered into a no contest plea to two counts of rape fourth degree, probation, time served, and Tier II sex offender registry and that the State agreed not to move him as a habitual offender and discharged the pending violation of probation case numbers 0706014630, 1004005306, and 1103024439. (D.I. 10). Plaintiff pled guilty on July 14, 2020. (*Id*. at 9). Pursuant to the plea agreement Plaintiff pled guilty to two counts of the lesser-included counts of fourth degree rape. *See State v. Jones*, ID No. 1502002252, 2020 WL 5530332, at *1 (Del. Super. Ct. Sept. 11, 2020). Plaintiff alleges Woloshin provided deficient representation, and he was under the impression that if he did not plead guilty to case

3

number 1502002252, he would be arrested and charged in case number 7108005124 due to his alleged DNA match. (*Id*. at 9. 16).

Plaintiff alleges that he is being illegally housed in SHU (*i.e*., Security Housing Unit) at JTVCC as a pretrial detainee. (*Id*. at 9, 14). On June 14, 2020, the same day Plaintiff appeared for his change of plea hearing, he made a written request to the JTVCC warden for a transfer to SCI. (*Id.* at 15). Plaintiff alleges that he was housed in SHU and held for ransom until he accepted the State's plea offer. (*Id*. at 16).

This Court takes judicial notice that Plaintiff filed a motion to withdraw his pleas. *See State v. Jones*, 2020 WL 5530332. On September 11, 2020, the Superior Court entered a memorandum opinion and order that denied the motion and provided the defense and the State the opportunity to submit information regarding the sentence to be imposed. *Id.* at *4. To date, Plaintiff has not been sentenced.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief in the form of release from prison and collateral estoppel from future criminal proceedings. (*Id*. at 21).

### III. <u>MOTION TO LIFT STAY</u>

On June 12, 2020, this Court granted Plaintiff's motion to stay the case until disposition of the retrial of his criminal matter in the Superior Court of the State of Delaware in and for Sussex County, set for July 27, 2020. (D.I. 6, 8). On July 10, 2020, Plaintiff advised this Court that he entered into a no contest plea to two counts of rape fourth degree, probation, time served and Tier II sex offender registry. On July 27, 2020, Plaintiff filed a motion to lift the stay. (D.I. 20). He advised the Court that during the July 14, 2020 plea colloquy, the judge and the State disagreed on the State's proposed sentence, and that he had filed a motion to withdraw his plea. (D.I. 13). As

discussed, the Superior Court denied Plaintiff's motion to withdraw his plea, and to date, Plaintiff has not been sentenced.

In light of the fact that Plaintiff entered into a plea agreement that resolved the criminal charges against him and his motion to withdraw his guilty pleas has been denied, this Court will grant the motion to lift the stay. (D.I. 20).

## IV. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless"

5

or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, this Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## V. DISCUSSION

### A. Eleventh Amendment Immunity

The claims against the State of Delaware and the Delaware Department of Correction ("DOC") will be dismissed based upon their immunity from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the State of Delaware and the DOC are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Accordingly, the State of Delaware and the DOC will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

**B.     State Actors**

Named as Defendants are D. Jones and Woloshin, Plaintiff's defense counsel. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).

Plaintiff recently filed a motion to exclude for Woloshin and Stevens[1] "to be exempt and or excluded" from this action. (D.I. 19). This Court construes the motion to exclude as a motion to voluntarily dismiss all claims against Woloshin pursuant to pursuant to Fed. R. Civ. P. 41. The motion will be granted and Woloshin will be dismissed as a defendant.[2]

With regard to D. Jones, he is not a state actor which is an essential element of a § 1983 claim. To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. D. Jones in an inmate who testified at Plaintiff's criminal trial. There are no allegations that he acted under color of law. The claim against D. Jones and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

---

[1]     Plaintiff alleges that Tasha Marie Stevens ("Stevens") was co-counsel to Woloshin during the plea negotiations. (D.I. 18 at 11). Stevens is not a named defendant.

[2]     Dismissal of Woloshin is appropriate on other grounds. As defense counsel, she is not considered a state actor. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law); *Steward v. Meeker*, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

### C. Prosecutorial Immunity

Plaintiff raises claims against former Attorney General Denn, former Deputy Attorney General Robinson, and Deputy Attorney General Zubrow, all of whom, it is alleged, had involvement in Plaintiff's criminal case.

A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted), *aff'd sub. nom.*, *Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Actions taken in connection with judicial proceedings generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler*, 424 U.S. at 430). Only truly prosecutorial functions, and not administrative or investigative conduct, justify complete protection from suit. *See Fogle v. Sokol*, 947 F.3d 148 (3d Cir. 2020).

The allegation against former Attorney General Denn is that he signed the true bill to the original indictment filed in March 2015 against Plaintiff. Denn's signing of the true bill is protected by prosecutorial immunity. "The decision to initiate a prosecution is at the core of a prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992); *see also Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (prosecutor's "activities in connection with the preparation and filing" of a criminal information and motion for arrest are protected by absolute immunity). Denn has prosecutorial immunity, and he will be dismissed as a defendant.

Plaintiff alleges that former Deputy Attorney General Robinson, who represented the State in Plaintiff's February 2016 criminal trial, committed prosecutorial misconduct when he committed a *Brady* violation during trial (*i.e.*, failing to disclose the existence of an agreement

9

between the State and D. Jones that D. Jones would provide significant testimony against Plaintiff and that the State would materially aid D. Jones in modifying his sentence) and when Robinson knowingly used prison D. Jones' perjured and unreliable statements without correcting the intentional errors.

It is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity. As explained by the Supreme Court in *Imbler*, the "deliberate withholding of exculpatory information" is included within the "legitimate exercise of prosecutorial discretion." *Imbler*, 424 U.S. at 431-32 n.34; *see also Smith v. Holtz*, 210 F.3d 186, 199 n.18 (3d Cir. 2000). Also, courts have held that prosecutors are entitled to immunity even when they withhold evidence after trial while the criminal conviction is on appeal. *See*, e.g., *Parkinson v. Cozzolino*, 238 F.3d 145, 152 (2d Cir. 2001) (explaining that "absolute immunity covers prosecutors' actions after the date of conviction while a direct appeal is pending"). Robinson is absolutely immune from claims based upon the *Brady* violation.

In addition, Robinson has absolute immunity from the claim that he obtained false testimony from D. Jones. As a general matter, a prosecutor is absolutely immune from liability for using "false testimony in connection with [a] prosecution." *Kulwicki*, 969 F.2d at 1465; *see also Imbler*, 424 U.S. at 430. Courts have routinely held that a prosecutor's solicitation and presentation of testimony to a judge or jury – even perjured testimony – is a quintessential advocatory act protected by absolute immunity. *See*, *e.g.*, *Burns v. Reed*, 500 U.S. 478, 485 (1991) (prosecutorial immunity applies to a prosecutor's "knowing use of false testimony before the grand jury and at trial").

10

With respect to the solicitation of false statements, Robinson is entitled to absolute immunity to the extent that his conduct occurred while acting as an advocate rather than an investigator. As alleged, Plaintiff had already been charged and arrested before D. Jones made any statements about Plaintiff's alleged confession to D. Jones while they were cellmates. Thus, although the Amended Complaint does not describe in detail when or how Robinson engaged in an unlawful, unreasonable, and arbitrary investigation, the allegations relating to D. Jones false testimony indicates that Robinson's involvement with D. Jones occurred after Plaintiff's prosecution for those crimes had begun. *See Rose v. Bartle*, 871 F.2d 331, 344-45 (3d Cir. 1989) (granting absolute immunity where complaint alleged that prosecutors solicited perjured testimony for use in grand jury proceedings); *Brawer v. Horowitz*, 535 F.2d 830, 832-34 (3d Cir. 1976) (granting absolute immunity where complaint alleged that federal prosecutor and witness conspired to use perjured testimony to secure plaintiffs' convictions). Accordingly, Robinson is entitled to absolute immunity from this claim. *See Yarris v. County of Delaware*, 465 F.3d 129, 139 (3d Cir. 2006).

Because each of the above improper acts attributed to Robinson occurred while he was serving as an advocate during a judicial proceeding, he is entitled to absolute immunity from the claims raised against him.

It may be that Plaintiff attempts to raise an investigatory claim against Robinson. Plaintiff alleges that Robinson engaged in an unlawful, unreasonable, and arbitrary investigation. Although investigatory conduct is not protected by prosecutorial immunity, the scant allegations in the Amended Complaint simply do not rise to the level of a constitutional violation. The claim will be dismissed.

Finally, Plaintiff alleges that Zubrow indicated he had information of a sexual assault complaint with DNA evidence against Plaintiff that occurred in 2008, and Zubrow used that information during plea negotiations as a tactic to induce Plaintiff into pleading guilty. It is well established that plea bargains are "so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity." *Cady v. Arenac Cty.*, 574 F.3d 334, 341 (6th Cir. 2009); *See also Cole v. Smith*, No. 97-5964, 1999 WL 685940, at *2, 188 F.3d 506 (6th Cir. Aug. 24, 1999) (table) ("The plea bargain takes the place of a trial. Conduct associated with plea bargaining is clearly not administrative or investigative."); *Doe v. Phillips*, 81 F.3d 1204, 1210 (2d Cir. 1996) ("[T]he negotiation of a plea bargain is an act within a prosecutor's jurisdiction as a judicial officer."); *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981) ("[A] prosecutor's activities in the plea bargaining context merit the protection of absolute immunity. The plea negotiation is an 'essential component' of our system of criminal justice."). Here, Zubrow's prosecutor's plea bargaining activities warrant absolute immunity.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2), Denn, Robinson, and Zubrow will be dismissed as defendants for the reasons discussed above.

### D.    Malicious Prosecution

Plaintiff alleges malicious prosecution. "To prevail on a malicious prosecution claim under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014); *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Here, Plaintiff's criminal proceeding has not been resolved in his favor. Rather, the Superior Court granted Plaintiff's Rule 61 motion, vacated the conviction, and ordered a new criminal trial. The ruling on the Rule 61 motion did not immediately result in favorable termination. Indeed, there has been no favorable termination. Instead, Plaintiff entered into plea negotiation and pled guilty to several charges.

Because the final determinations in the criminal proceedings is not in Plaintiff's favor, the Amended Complaint fails to allege the necessary elements of a malicious prosecution claim. Accordingly, this Court will dismiss the malicious prosecution claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

### E. Arrest and Investigation

Plaintiff alleges that he was arrested by J. Jones. He does not allege that he was unlawfully arrested. He also alleges that J. Jones interviewed D. Jones on a number of occasions regarding Plaintiff's alleged confession to D. Jones and that J. Jones engaged in an unlawful, unreasonable, and arbitrary investigation. These scant allegations do not rise to the level of a constitutional violation.

In addition, the alleged wrongful acts of J. Jones occurred prior to Plaintiff's February 2016 criminal trial and are barred by the application two-year statute of limitations. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

J. Jones will be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

### F.     False Imprisonment

Plaintiff alleges false imprisonment.³  To state a claim for false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).  A "false imprisonment claim[] will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'"  *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).  "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process – when, for example, he is bound over by a magistrate or arraigned on charges.".  *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

The Amended Complaint does not state a false imprisonment claim.  There are no allegations that Plaintiff was arrested without probable cause.  In addition, it is clear from the pleadings that at some point Plaintiff was arraigned on the charges brought against him given that his criminal trial took place in February 2016.

The false imprisonment claim will be dismissed pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

### VI.    **CONCLUSION**

For the above reasons, this Court will:  (1) grant Plaintiff's motion to lift the stay (D.I. 20); (2) grant Plaintiff's motion to exclude Defendant Natalie Woloshin construed as a motion to voluntarily dismiss pursuant Fed. R. Civ. P. 41 (D.I. 19); (3) dismiss the Amended Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2); and (4) deny as moot

---

³    He also alleges that he is illegally detained but that claim is raised against the State of Delaware and the DOC both of whom have Eleventh Amendment immunity.

Plaintiff's motions for injunctive relief, request for counsel, and motions to transfer[4] (D.I. 12, 14, 15, 16). This Court finds amendment futile.

An appropriate Order will be entered.

---

[4] The Court has no authority to dictate where Plaintiff is housed. This determination is made by prison authorities as part of the administration of the prison. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). In addition, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution, whether it be inside the state of conviction or outside that state. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).